**NOT FOR PUBLICATION**　　　　　　　　　　　　　　　**CASE CLOSED**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ONOFRIO MEZZINA, <br><br>　　　　　　　　　　Plaintiff, <br><br>　　　　v. <br><br> UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT and THERESA ARCE, <br><br>　　　　　　　　　　Defendants. | Civil Action No. 07-5669 (SDW) <br><br> **OPINION** <br><br> March 6, 2008 |

**WIGENTON**, District Judge.

　　　Before the Court are Defendants United States Department of Housing and Urban Development ("HUD") and Theresa Arce's ("Arce") (collectively "Defendants") Motion to Dismiss ("Motion") Plaintiff Onofrio Mezzina's ("Mezzina" or "Plaintiff") Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). The Court, having considered the parties' submissions and having decided the motion without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth below, **GRANTS** Defendants' Motion.

## I.　JURISDICTION AND VENUE

　　　The Court has original jurisdiction over Defendants' federal claims pursuant to 28 U.S.C. §§ 1331 and 1442. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II.　FACTUAL BACKGROUND

　　　Arce is Supervisory Project Manager at the Newark, New Jersey HUD Office, a federal

agency providing low income housing rent subsidies. (Def.'s Mot. Dismiss at 1.) Mezzina receives HUD housing subsidies. (Pl.'s Compl. at 1.) On October 30, 2007, Mezzina filed a *pro se* action in the Hudson County Superior Court to recover $3,000 in alleged "late fees" paid to HUD. (Pl.'s Compl. at 1.) Plaintiff is apparently a tenant who is receiving housing subsidies from HUD. (Def.'s Notice of Removal ¶ 1.) As Plaintiff sued a federal agency and officer, the action was removed to this Court on November 27, 2007 pursuant to 28 U.S.C. § 1442. (Def.'s Mot. Dismiss at 1.) On January 18, 2008, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] (Def.'s Mot. Dismiss at 3.)

## III.   **LEGAL STANDARD**

The court must review Defendants' Motion according to the standard set forth in Fed. R. Civ. P. 12(b)(6). The court must accept as true all material allegations of the complaint and construe the complaint in favor of the Plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). Generally, when reviewing a 12(b)(6) motion, the court may only consider the complaint, exhibits attached to the complaint, matters of public record and undisputedly authentic documents if the plaintiff's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court, however, may consider documents relied upon by the complaint. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The court may also take judicial notice of relevant legal proceedings.

---

[1] The Court notes that to date Plaintiff has filed no opposition to Defendants' Motion despite the considerable passage of time since Defendants' Motion filing.

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). A complaint should be dismissed "only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump*, 140 F.3d at 483. While the complaint is to be construed in the light most favorable to the plaintiff, the court need not accept the plaintiff's legal conclusions or draw unwarranted factual inferences. *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 405-06 (6th Cir. 1998). The Court analyzes and adjudicates Defendants' Motion on this standard.

### IV. DISCUSSION

#### A. Plaintiff's Complaint Fails to State A Claim Under Fed. R. Civ. P. 12 (b)(6).

Defendants contend that Plaintiff fails to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief," and must provide a defendant with "notice and grounds upon which a plaintiff's claim rests." *Nix v. Welch & White, P.A.*, 55 Fed. Appx. 71, 72-73 (3d Cir. 2003) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A complaint must also "set forth the material points necessary to sustain recovery." *Nix*, 55 Fed. Appx. at 72-73 (citing *Menkowitz v. Pottsdown Mem'l Med. Ctr.*, 154 F3d 113, 124 (3d Cir. 1998)).

In the case at bar, Plaintiff seeks $3,000 (assumedly in damages), but his complaint is unclear as to the basis for the relief sought. The complaint merely states that Defendants owe Plaintiff "late fees" and provides no material facts evidencing entitlement to monetary recovery. Additionally, by failing to properly apprise Defendants of his precise claim assertions, Defendants cannot reasonably assert potentially applicable claim defenses.

To the extent Plaintiff is asserting a breach of contract claim, he must prove that: (1) a valid contract existed between plaintiff and defendant; (2) defendant breached the contract; (3) plaintiff performed all obligations under the contract; and (4) plaintiff was damaged as a result of the breach. *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F.Supp. 2d 543, 566 (D.N.J. 2003). While Fed. R. Civ. P. 12(b)(6) does not require a complainant to prove these elements at the pleading stage, a litigant must do more than merely state that "a contract was breached." *Chemtech Intern., Inc. v. Chemical Injection Tech, Inc.*, 170 Fed.Appx. 805, 808 (3d Cir. 2006). "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition." *Chemtech Intern., Inc.*, 170 Fed.Appx. at 808 (citing *DM Research, Inc. v. Coll. of Am. Pathologists*, 170 F.3d 53, 55 (1st Cir. 1999)). Here, Plaintiff not only fails to plead any of the above-referenced elements, but neglects to expressly state that a breach of contract ever occurred.

This Court has analyzed Plaintiff's Complaint and found no concrete basis or justiciable basis for his claims. Plaintiff's Complaint fails to provide any material allegations or documents in support of his claims; it merely espouses the conclusory assertion that Defendants owe him $3,000 in "late fees." (Pl.'s Compl. at 1.) Plaintiff's Complaint also fails to provide Defendants with adequate notice of his precise claims such that they can properly assert their defenses. Although this Court must favorably construe Plaintiff's Complaint, it is not required to accept his conclusions or draw unwarranted factual inferences on his behalf. Consequently, this Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted pursuant to

4

Fed. R. Civ. P. 12(b)(6).[2]

## V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) is hereby **GRANTED**. Plaintiff's Complaint is dismissed in its entirety with prejudice and the Clerk of the Court shall remove this case from the Court's active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.

cc: Judge Madeline Cox Arleo

---

[2] The Court further notes that Defendants' sovereign immunity invocation provides an additional dismissal basis due to lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). A suit against a federal agency or officer in their official capacities constitutes a suit against the United States. *See Lang v. Rubin*, 73 F.Supp.2d 448, 450-51 (D.N.J. 1999); *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). The United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976). Plaintiff has not established that the United States has consented to this suit.